IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:

CESAR MERCEDES,

    Plaintiff,

v.

UNDERGROUND LIQUIDATION INC.
dba MAGIC MATTRESS R US,

    Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CESAR MERCEDES ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, UNDERGROUND LIQUIDATION INC. dba MAGIC MATTRESS R US ("Defendant"), and states:

## INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt machine operator employed by Defendant.

4. Throughout the duration of his employment with Defendant, Defendant deprived Plaintiff of proper overtime compensation for the hours that he worked in excess for forty (40) each week.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq.*

## PARTIES

6. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Southern District of New York.

7. Further, at all times material hereto, Plaintiff was an hourly-paid machine operator.

8. At all times material hereto, Defendant was and continues to be a Domestic Business Corporation, engaged in business in New York.

9. At all times material hereto, Defendant was, and continues to be engaged in business in New York.

10. At all times material hereto, Defendant determined the work schedules for the employees, including Plaintiff.

11. At all times material hereto, Defendant controlled the finances and operations.

12. At all times material hereto, Defendant dictated the terms and conditions of Plaintiff's job duties and pay.

13. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

14. At all times material hereto, Defendant was, and continues to be, the "employer" within the meaning of FLSA.

15. At all times hereto, Defendant employed Plaintiff.

16. At all times material hereto, Defendant was, and continues to be, a furniture store..

17. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

18. Based upon information and belief, the annual gross revenue of Defendant is and was in excess of $500,000 per annum for all relevant time periods.

19. At all times material hereto, Defendant had more than two employees handling, or otherwise working with tools, materials, equipment and goods that previously had moved in interstate commerce.

20. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

21. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

22. At all times Plaintiff was subject to the coverage of the FLSA because he was employed in a mattress store, and his duties directly impacted the lanes of commerce.

23. At all times Plaintiff's employment was subject to the coverage of the NYLL.

24. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

25. Defendant is a furniture store.

26. In or about April 2015, Defendant hired Plaintiff to work as a machine operator.

27. Plaintiff and Defendant entered into an agreement under which Defendant agreed to pay Plaintiff $10.00 per hour for all non-overtime hours worked.

28. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

29. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per week as required by the FLSA and NYLL.

30. Defendant has violated Title 29 U.S.C. §§ 206 and 207, NYLL, and breached the parties Employment Agreement from at least March 2017 through the present, in that:

   a. Plaintiff worked in excess of forty (40) hours in most, if not all, work weeks during the period of employment with Defendant.

   b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the NYLL;

   c. Defendant failed to pay Plaintiff an amount equal to minimum wage for all hours/weeks worked, as required by the FLSA and NYLL;

   d. Defendant failed to comply with the paystub requirements of the NYLL;

   e. Defendant failed to maintain proper time records as mandated by the FLSA and NYLL.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

31. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

32. From at least March 2017 through the present, Plaintiff worked in excess of the forty (40) hours in most, if not all, work weeks, for which he was not compensated at the statutory rate of one and one-half times his regular rate of pay.

33. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a work week.

34. At all times material hereto, Defendant failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

35. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

36. Defendant has failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

38. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

39. As such, Defendant has failed to properly pay Plaintiff proper overtime wages at time and a half his regular rate of pay for such hours.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE NYLL

40. Plaintiff incorporates by reference as though fully set forth here, paragraphs 1–39.

41. At all relevant times, Plaintiff was an employee and Defendant has been an employer within the meaning of the NYLL.

42. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant.

43. Defendant has failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

44. By Defendant's failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, it has willfully violated NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to, the regulations in N.Y. Comp. Code R. & Regs., tit. 12 § 142.

45. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## COUNT III
## RECOVERY OF MINIMUM WAGE COMPENSATION UNDER THE FLSA

46. Plaintiff incorporates by reference as though fully set forth here, paragraphs 1-30.

47. At all times relevant, Plaintiff was an employee of Defendant and engaged in commerce and/or the production or sale of goods for commerce with the meaning of 29 U.S.C. §§ 201 *et seq.*

48. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 201 *et seq.*

49. Defendant was required to pay directly to Plaintiff the full minimum wage rate for all hours/weeks worked.

50. Defendant failed to pay Plaintiff the applicable minimum hourly rate for all

hours/weeks worked.

51. As a result Defendant's willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT IV
## RECOVERY OF MINIMUM WAGE COMPENSATION UNDER THE NYLL

52. Plaintiff incorporates by reference as though fully set forth here, paragraph 1-30.

53. The minimum wage provision of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff.

54. Defendant failed to pay Plaintiff at the applicable minimum hourly wage for all hours/weeks worked.

55. Due to Defendant's violation of the NYLL, Plaintiff is entitled to recover from Defendant his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorney's fees and costs, and pre-judgment and post-judgment interest.

## COUNT V
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
## (BROUGHT ON BEHALF OF PLAINTIFF)

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendant failed to supply Plaintiff with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

58. Specifically, Defendant failed to provide an accurate number of hours worked by

Plaintiff because Defendant failed to list the time Plaintiff worked or his regular rate of pay.

59. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

60. As a result of Defendant's failure to provide Plaintiff with accurate wage statements, Plaintiff has suffered mental distress and anguish, because he has been unable to ascertain amounts due to him under the NYLL versus those paid and has been left to question how much money he has been underpaid.

61. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

**COUNT IV**
**VIOLATION OF NEW YORK LABOR LAW §§ 190 et seq.-**
**FAILURE TO PROVIDE WRITTEN NOTICE OF WAGES, ETC.**

62. Plaintiff realleges and reincorporate paragraphs 1 through 61 as if fully set forth herein.

63. At the inception of Plaintiff's employment, Defendant failed to supply Plaintiff with written notice of the terms of his employment, as required by the NYLL.

64. Through its knowing or intentional failure to provide Plaintiff with the written notice required under the NYLL, Defendant have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

65. Because Defendant failed to provide Plaintiff with written notice, Plaintiff was unaware of his entitlement to overtime wages, his proper rates of pay, the contact information for Defendant's main office.

66. As a result, Plaintiff did not know how much he was legally entitled to earn while employed by Defendant and did not know who he should complain to regarding Defendant's failure to pay his overtime wages when he worked in excess of 40 hours a week.

67. Defendant's failure to provide the legally-required written notice directly resulted in a significant delay in Plaintiff asserting his rights to full and proper overtime compensation.

68. As a direct result of the delay, Plaintiff has had a worse credit rating than he otherwise would have had, because his income has been artificially reduced.

69. Thus, Plaintiff has had greater difficulty obtaining loans and other credit and the terms of the loans/credit obtained have been less favorable (i.e. higher interest rates).

70. Without access to traditional avenues for borrowing money and/or financing purchases, Plaintiff was required to resort to making more purchases on high interest credit cards, which in turn further negatively impacted his credit and plunged his further into debt.

71. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, prays for the following relief:

A. Awarding Plaintiff unpaid straight time wages due under the NYLL, FLSA and agreement;

B. Awarding Plaintiff unpaid overtime under the NYLL, FLSA and the agreement;

C. Awarding Plaintiff 100 % liquidated damages;

    D.    Awarding Plaintiff statutory penalties due to Defendant's failure to provide accurate wage statements and notice in violation of the NYLL;

    E.    Awarding Plaintiff Pre-judgment interest;

    F.    Awarding Plaintiff reasonable attorneys' fees and costs and expenses of this litigation, pursuant to 29 U.S.C. §216(b), the NYLL, FLSA and agreement;

    G.    Ordering any other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 1.430 of the Florida Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

DATED:  June 6, 2023                                       Respectfully submitted,

*/s/ Andrew R. Frisch*
ANDREW R. FRISCH, ESQ.
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) WORKERS;
F: (954) 327-3013
E-mail: afrisch@forthepeople.com
*Attorney for Plaintiff*