```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/15/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CESAR MERCEDES,

                        Plaintiffs,

         -against-

                                   23-CV-4766 (VEC)

UNDERGROUND LIQUIDATION INC. doing
business as MAGIC MATTRESS R US,             ORDER

                      Defendant.
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on June 6, 2023, Plaintiff filed this action against Defendant, *see* Compl., Dkt. 1;

      WHEREAS on July 19, 2023, Plaintiff filed proof of service of the Summons and Complaint on "JOHN DOE-NAME REFUSED," who the process server stated was "Manager/Authorized to Accept Service" on July 14, 2023, *see* Proof of Service, Dkt. 5;

      WHEREAS a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B); *see also* N.Y. C.P.L.R. § 311(a)(1);

      WHEREAS Plaintiff bears the burden "to show a basis for inferring that the defendant has authorized a particular person to accept service of process on its behalf," *DeMott v. Bacilious*, No. 11-CV-6996 (PAE), 2012 WL 601074, at *7 (S.D.N.Y. Feb. 24, 2012) (concluding that a plaintiff's service on a corporate defendant was inadequate in part because "[a] person who works at [the defendant's business] and refuses to give his name to a process server does not, without more, qualify as an officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process" (internal quotation marks and citations omitted)); *see also Ferenczi v. City of New York*, No. 18-CV-3352 (FB) (SJB), 2019 WL 3842924, at *2 (E.D.N.Y. Aug. 14, 2019) (concluding that a subpoena was not properly served on a corporation because "[h]ow the process server knew that Jane Doe—an unknown person—was authorized to accept service [was] never stated");

WHEREAS if Defendant was properly served, its deadline to answer or otherwise respond to the Complaint was August 4, 2023, *see* Fed. R. Civ. P. 12(a);

WHEREAS Plaintiff's deadline to properly serve Defendant was September 4, 2023, *see* Fed. R. Civ. P. 4(m);

WHEREAS to date, Defendant has neither appeared nor answered or otherwise responded to the Complaint;

IT IS HEREBY ORDERED that not later than **Friday, September 22, 2023**, Plaintiff must either file credible evidence in support of the process server's purported knowledge that John Doe was authorized to accept service or must serve Defendant again, and file supporting proof of service, in compliance with federal rules.

IT IS FURTHER ORDERED that Plaintiff's deadline to serve Defendant is extended, *nunc pro tunc*, until **Friday, September 22, 2023**.

**SO ORDERED.**

Date: **September 15, 2023**
New York, New York

_____
VALERIE CAPRONI
United States District Judge