USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/30/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CESAR MERCEDES,                                                :
                                                               :
                                    Plaintiff,                 :
                                                               :
                    -against-                                  :
                                                               :   23-CV-4766 (VEC)
                                                               :
UNDERGROUND LIQUIDATION INC., *doing*                          :   ORDER
*business as* MAGIC MATRESS R US,                              :
                                                               :
                                                               :
                                    Defendant.                 :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS the Undersigned's Individual Practices provide the steps necessary for plaintiffs to obtain a default judgment, *see* Individual Practices, Attachment A;

WHEREAS the Individual Practices require the moving party to file a proposed order to show cause, *see id.*;

WHEREAS the Individual Practices make clear that, when the Court enters the order to show cause and sets a date and time for a default judgment hearing, that order will "inform the *parties* when to appear for a show-cause hearing," *id.* (emphasis added);

WHEREAS Plaintiff's counsel should have known that, if Defendant had appeared in person at the hearing and challenged the entry of default, Plaintiff would have needed to be present to respond;

WHEREAS on December 21, 2023, Plaintiff filed, in accordance with the Individual Practices, a proposed order to show cause why default judgment should not be entered against Defendant, *see* Dkts. 22-24;

WHEREAS a default judgment hearing in this matter was scheduled for Friday, January 26, 2024, at 10:00 A.M., Dkt. 25;

WHEREAS neither Plaintiff nor Defendant appeared;

WHEREAS on January 26, 2024, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and why Plaintiff's counsel should not be sanctioned for failure to appear, *see* Dkt. 27; and

WHEREAS on January 29, 2024, Plaintiff's counsel responded that he did not believe that his or his client's attendance at the default judgment hearing was expected or required, *see* Dkt. 28; and

WHEREAS Plaintiff's counsel further stated that he has zealously advocated on behalf of Plaintiff throughout this proceeding and requests that the Court enter final judgment against Defendant, consistent with his previous motion for default and all other record evidence, *see id*.

IT IS HEREBY ORDERED that Plaintiff's counsel Andrew Ross Frisch is sanctioned $500 for his failure to appear at the default judgment hearing. The Court does not credit Mr. Frisch's conclusory assertion that he did not understand that, when he files a notice of appearance in a case, he is responsible for appearing at hearings at which all parties are ordered to appear. Mr. Frisch's suggestion that the order to show cause was misleading is unavailing and disingenuous given that Mr. Frisch proposed the language used in the order to show cause. Mr. Frisch must pay $500 to the Court and file proof of payment on the docket by not later than **Friday, February 23, 2024**.

IT IS FURTHER ORDERED that Plaintiff's motion for entry of default judgment against Defendant is GRANTED and that a default judgment be entered against Defendant pursuant to Federal Rule of Civil Procedure 55(b) and Local Rule 55.2(b).

IT IS FURTHER ORDERED that, by separate order, the Court will refer this matter to Magistrate Judge Aaron for an inquest on damages. Plaintiff's Declaration, Dkt. 23, asserts that an inquest is unnecessary. For a variety of reasons, that assertion is not correct. An inquest is necessary in this case because (1) the Complaint was not verified and Plaintiff has not included any sworn document from Plaintiff attesting to the hours he worked and the amounts he was paid for that work and (2) the damages calculation chart attached to the Declaration as Exhibit C is not helpful in ascertaining Plaintiff's damages, even assuming that the assertions made in the Complaint were repeated under oath by Plaintiff. Just by way of example, the damages chart suggests that there are wages due for unpaid minimum wage, but the Complaint alleges that Plaintiff was paid $10 per hour, *see* Compl., Dkt. 1 ¶ 27, which is in excess of the federal minimum wage. While that wage may give rise to a violation of the minimum wage set by the New York Labor Law, the Complaint does not adequately allege the applicable minimum wage at times covered by the Complaint.

**SO ORDERED.**

Date: January 30, 2024
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**