USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/1/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
CESAR MERCEDES,                                              :
                                                             :
                              Plaintiff,                     :    23-CV-4766 (VEC) (RFT)
            -against-                                        :
                                                             :    ORDER ADOPTING
UNDERGROUND LIQUIDATION INC., *doing*                        :    REPORT &
*business as* MAGIC MATTRESS R US,                           :    RECOMMENDATION
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 6, 2023, Plaintiff Cesar Mercedes sued Underground Liquidation Inc., doing business as Magic Mattress R US ("Underground"), for overtime, minimum wage, and recordkeeping violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), *see* Dkt. 1;

WHEREAS on October 3, 2023, after receiving extensions on the time to serve, Mercedes served the summons and complaint on Underground by leaving the papers with its general agent, Jose Martinez, *see* Dkt. 12;

WHEREAS Underground's deadline to answer or otherwise respond to the complaint was October 24, 2023, but it neither appeared nor responded to the complaint;

WHEREAS Mercedes filed a proposed order of default judgment on December 21, 2023, *see* Dkt. 22;

WHEREAS on January 30, 2024, after holding a default judgment hearing, the Court entered an order of default judgment, *see* Dkt. 31;

WHEREAS the Court referred this case to Magistrate Judge Robyn F. Tarnofsky for a damages inquest and preparation of a report and recommendation ("R&R"), *see* Dkt. 30;

1

WHEREAS on February 29, 2024, Mercedes filed proposed findings of fact and conclusions of law, *see* Dkt. 41;

WHEREAS on August 12, 2024, Judge Tarnofsky entered an R&R, recommending that the Court award Mercedes the following: (1) $182,688.62 in damages in unpaid wages, liquidated damages, statutory penalties, and pre-judgment interest; (2) reasonable costs of $1,232.000; (3) $17.70 per day in pre-judgment interest for every day after August 12, 2024, until the date the Clerk of Court enters a final judgment; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961, *see* Dkt. 42;

WHEREAS in the R&R, Judge Tarnofsky notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *see id.* at 31;

WHEREAS Judge Tarnofsky further noted that failure to object would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954));

WHEREAS careful review of the R&R reveals that, with one exception, there is no clear error;

WHEREAS the R&R recommends that Plaintiff recover $5000 in statutory damages under the NYLL because the Defendant failed to provide him with notice of the rate of his pay and other information required by NYLL § 195(1)(a) ("Wage Notice"). *See* R&R at 27. By statute, the Wage Notice must be provided "at the time of hiring." NYLL § 195(1)(a). If the employer fails to do so within 10 business days of the employee's first day of employment, statutory damages are due, NYLL § 198(1-b); and

WHEREAS this case was filed on June 6, 2023. Because the NYLL has a six-year statute of limitations, which was extended by 288 days due to COVID, *see* R&R at 10–11, the Wage Notice is time barred if Plaintiff started his employment before October 21, 2016. *See, e.g.*, *Adams v. Bloomberg L.P.*, 20 CIV 7724 (RA)(JLC), 2023 WL 1957681, at * 15 (S.D.N.Y. Feb. 13, 2023), *adopted on other grounds*, 2023 WL 5769492 (S.D.N.Y. Sept. 7, 2023). According to the Complaint, Plaintiff started his employment in April 2015. Accordingly, his Wage Notice claim is time barred;

IT IS HEREBY ORDERED that, except as to the $5000 in damages for the Wage Notice claim, the R&R is adopted in full, and Plaintiff is awarded (1) $177,688.62 in damages in unpaid wages, liquidated damages, statutory penalties, and pre-judgment interest; (2) reasonable costs of $1,232.00; (3) $17.70 per day in pre-judgment interest for every day after August 12, 2024, until

the Clerk of Court enters a final judgment; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961.

Because the R&R gave the parties adequate warning, *see* R&R at 31, the failure to object to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate any open motions and close this case.

**SO ORDERED.**

**Date: October 1, 2024**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**